**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. PCA INTEGRITY ASSOCIATES, LLP** | |
| **Plaintiff,** | |
| **vs.** | **Civil Action No. 1:15-cv-00750** |
| **UNIQUITY FINANCIAL LLC, et al.** | **Judge Rudolph Contreras** |
| **Defendants.** | |

**DEFENDANT UNIQUITY FINANCIAL LLC'S REPLY
TO RELATOR'S OPPOSITION TO MOTION TO DISMISS**

Defendant Uniquity Financial, LLC ("Uniquity) replies to Relator PCA Integrity

Associates, LLP's ("Relator") Opposition to its Motion to Dismiss as set forth below.

## I.      INTRODUCTION

Unable to contend with its failure to plead with specificity in the Amended Complaint,

Relator has shifted gears and has backed away from its false self-certification theory. Instead,

Relator is now arguing that Uniquity somehow made a false representation to the ED, and did so

not through any false self-certifications to the SBA through its SAMS database. (Opp. at 25, 36,

"ED, not the SBA, issued the task orders at issue and paid Defendants" and "Even if there were

no mechanism whereby to self-certify as a small business, Uniquity would still be liable, because

it still fraudulently misrepresented its status as a small business[.]")  But it is hard to know what

Relator is talking about because Relator has utterly failed to plead any facts regarding any

supposed false representation made by Uniquity to the ED, making it fatally deficient under Fed.

R. Civ. P. 9(b) and conclusory under *Twombly*.  Indeed, Relator more or less admits that it needs

discovery to properly plead fraud under Fed. Civ. R. P. 9(b), which the Court should interpret as

1

an admission that it will not be able to correct its inability to plead with specificity.  As such, the

Court should dismiss the Amended Complaint with prejudice based on futility. (Opp. at 7, 15,

23). *Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 74 (D.D.C. 2002) (futility as one reason

for denying leave to replead); *United States ex rel. Folliard v. Hewlett-Packard Co.*, 272 F.R.D.

31, 35 n.5 (D.D.C. 2011) (refusing to allow post-pleading discovery in FCA case because "the

heightened pleading standards of Rule 9(b) serve in part to prevent the filing of a complaint as a

means of discovering an unknown wrong").

## II.    ARGUMENT

In its opening brief, Uniquity states that it could not tell whether Relator alleged any FCA

theory other than presentment and false statement theories. (Uniquity Mem. at 7-8).  Relator has

now made clear that it has pled conspiracy and reverse false claims theories against Uniquity,

and that it intends (possibly) to plead a WOSM claim.  While Uniquity argued for their dismissal

under Fed. R. Civ. P. 12(b)(6) and 9(b) for failing to state a claim with particularity, and under

Fed. R. Civ. P. 8(a) for failing to give Uniquity proper notice—Relator mistakenly argued that

Uniquity didn't challenge those claims—Uniquity will make additional arguments for their

dismissal here.

Under a conspiracy theory, Relator failed to plead any facts showing any agreement by

Uniquity and any other party to defraud the government, including the time, place, content, and

individuals involved as required under Fed. R. Civ. P. 9(b). *Cf. De La Fuente v. DNC Servs.*

*Corp., No. CV 18-336 (RC),* 2019 WL 1778948, at *9 (D.D.C. Apr. 23, 2019) (dismissing

conspiracy for failure to "set forth more than just conclusory allegations of an agreement" such

as any detail on how the agreement was reached).

Under a reverse false claim theory, that Uniquity owes money to the government because it should not have be awarded the subcontract or falsely certified anything (and not because it owed an actual debt) fails to properly state a claim. *United States ex. rel. Scollick v. Narula*, 215 F. Supp. 3d 26, 41 (D.D.C. 2016) (relator failed to state a reverse false claim against defendants "who benefitted from the fraudulently obtained contracts [and therefore] had an obligation to repay those funds"); *Pencheng Si v. Laogai Research Found.*, 71 F. Supp. 3d 73, 88 (D.D.C. 2014) (relator failed to state a reverse false claim against defendants who "were obligated to not use and/or disgorge grant funds improperly paid to them").

Under a WOSM claim, Relator failed to plead any facts showing that it entered into any contracts or earned any revenue based on that woman-owned status, nor that Uniquity ever certified that it was a woman-owned business.

Uniquity now turns to the presentment and false statement claims.

## A. PRESENTMENT CLAIM

### (1)    Relator fails to plead falsity

####     *a.    Affiliation with PRC by three years of excess revenue*

Relator abandoned its "three years of excess revenue" theory in that it did not dispute that Uniquity's average annual receipts (combined with PRC's) over a three-year period leading up to its 2013 self-certification did not exceed $7 million. FAC ¶ 209. Relator makes no effort to save this theory other than making a conclusory statement of law, unsupported by any facts, that the SBA may calculate size for less than three years under 13 C.F.R. 121.103(c)(2). But that is not what Relator pled, making it painfully clear that Relator's "excess revenue" allegation is sheer speculation, and nowhere near sufficiently detailed under Fed. R. Civ. P. 9(b)'s heightened pleading standard to sustain a fraud action.

### b.      *Affiliation with Alorica by economic dependence*

Relator did not oppose, and therefore concedes, Uniquity's argument that it could not have been affiliated with Alorica by "economic dependence." *Texas v. U.S.*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("[LCvR 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."); *see also*, *De La Fuente v. DNC Servs. Corp.*, No. 18-cv-336 (RC), 2019 WL 1778948, at *4 (D.D.C. Apr. 23, 2019) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citation omitted)

### c.      *Affiliation with PRC by negative control*

Without the benefit of the first two affiliation theories, Relator's final theory, "negative control," obviously fairs worse under the "totality of the circumstances" test (*i.e.*, if not abandoned, "excess revenue" and "economic dependence" would have been considered along with "negative control" for affiliation under 13 C.F.R. § 121.103). And the best that Relator can do in pleading "negative control" is to allege that "PRC has a controlling financial interest in Uniquity through means other than majority ownership"—but doesn't actually tell us what those "means" are—which is hardly sufficient under Fed. R. Civ. P. 9(b). FAC ¶ 205. What does speak volumes on the "totality of circumstances" test is that Relator does not plead any of the many other affiliation factors under 13 C.F.R. § 121.103.

Relator offers *DSE, Inc. v. United States*, 169 F.3d 21, 27–28 (D.C. Cir. 1999) for the proposition that size determinations are "fact specific" and "inappropriate for resolution at the motion to dismiss stage," *cf. United States v. Toyobo Co.*, 811 F. Supp. 2d 37 (D.D.C. 2011).

4

*DSE, Inc.* is distinguished in that it involved a bid protest over whether the prevailing bidder was a small business or not, nothing to do with a heightened pleading standard for fraud.

### (2)      Relator Fails to Plead *Scienter*

While Relator is correct in that inferences on *scienter* must be made in the light most favorable to Relator, those inferences still have to meet a plausibility standard, which Relator can't do here. *United States ex rel. Scott v. Pac. Architects & Engineers (PAE), Inc.*, 270 F. Supp. 3d 146, 154 (D.D.C. 2017) (FCA allegations under Fed. R. Civ. P. 9(b) must be plausible).

As noted in the opening brief, emails from Uniquity's Jamie Cameron to Alorica suggesting that Uniquity was partnering or teaming with PRC, or was stronger with PRC's financials, was typical sales-talk intended to give Alorica confidence in going into business with those companies. FAC ¶¶ 214-217.

It is not plausible that Cameron intended to convey to Alorica that Uniquity and PRC were actually affiliated companies because he wanted Alorica to believe Uniquity was a small business in order that Alorica award Uniquity a subcontract as a small business.

Nor is it plausible that Alorica could have reasonably understood Cameron's sales-talk, regardless as to what he intended, as anything other than "mere puffery," where "Puffery refers to one type of immaterial statement: the sort of generalized statements of optimism that are not capable of objective verification." *Plymouth Cty. Ret. Ass'n v. Advisory Bd. Co.*, 370 F. Supp. 3d 60, 81 (D.D.C. 2019) ("Statements that constitute puffery employ terms that are too squishy, too untethered to anything measurable, to communicate anything that a reasonable person would deem important….") (internal citations and quotations omitted); *see also*, *Whiting v. AARP*, 637 F.3d 355 (D.C. Cir. 2011) ("no reasonable person could read the broad, general promotional statements contained in the marketing materials" as anything other than "mere puffery").

In any event, Cameron's communications to Alorica were made *before* Uniquity was formed and before Alorica agreed to work with Uniquity, where it is hard to fathom how a company that did not exist and had yet to be awarded a contract could form a fraudulent intent regarding a representation to the government it had not yet made.

### (3)     Relator Fails to Plead Materiality

#### a.     *Express provision as a condition of payment*

*Escobar's* first materiality factor provides that "the Government's decision to expressly identify a provision as a condition of payment is relevant, but not automatically dispositive." *Id.* at 2003.  It is not "sufficient for a finding of materiality that the Government would have *the option* to decline to pay if it knew of the defendant's noncompliance." *Id.*

Relator argues that it pled subcontracting requirements where compliance was "an express condition of payment." (Opp. at 20 citing FAC ¶¶ 12, 75, 195).  But those allegations do not state any such thing with regard to Uniquity.  Uniquity's argument that no such provision was ever pled remains unchallenged, and therefore, conceded. (Uniquity Mem. at 14-15).

#### b.     *Evidence that SBA refuses to pay on these types of false certification cases*

*Escobar's* second materiality factor states that "evidence that the defendant knows that the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement" supports a finding that the requirement is material. *Id*.

Relator doesn't dispute that the SBA hasn't penalized any small business for any noncompliance regarding its size, but says that is irrelevant because the "ED, not the SBA, issued the task orders at issue and paid Defendants." (Opp. at 25).  But Relator has not pled any instance where the ED has refused to pay a contractor for misrepresenting its size as a small

business. *Id.* And contrary to Relator's argument that the Court need not consider this information (that the SBA has not penalized any businesses as not small) as outside the Amended Complaint, the Court can properly consider it here because it was published in the Federal Register. *Advisory Small Business Size Decisions*, 80 FR 7533-01.

       *c.*       **Evidence that the SBA paid Uniquity despite knowing the facts alleged above**

*Escobar's* third materiality factor states that "[c]onversely, if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Id.*

Relator speculates that the ED paid Uniquity but that it probably didn't know about the "fraud"—even though Relator concedes the Department of Justice has known of these allegations since 2015. (Opp. at 23).  Relator explains that it is just that one federal department hasn't gotten around to telling the other federal department about the "fraud." *Id.*  All of this is unfounded in anything Relator pled.  It is also not plausible in that, as argued in the opening brief and unchallenged by Relator, the SBA has issued regulations and guidance stating if the small business is new, and derives more than 70% from another business, that *should not* mean that it is affiliation with that business. 13 C.F.R. § 121.103(f) (where if the business has only existed for a "short amount of time and has only been able to secure a limited number of contracts," the presumption of affiliation is "rebutted").

       *d.*       **Evidence that the SBA pays on claims despite false self-certifications**

*Escobar's* fourth materiality factor hold that "if the Government regularly pays a particular type of claim in full despite actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not

material." *Id*. at 2003–04.  Relator ignores the problem that it failed to plead that the government ever asked Uniquity to pay back any money.

### B. False Statement Claim

Relator argues that it has pled false records or statements to support a false statement theory, but it fails to identify any facts that support it. (Opp. at 15-17).

### C. Implied False Claims

Relator says very little about its implied false claims, and nothing with any factual support.

## III.   CONCLUSION

As stated above, there are so many fundamental defects in the Amended Complaint that Uniquity asks that the Court dismiss it with prejudice as futile.  Relator has had the benefit of discovery with the government during the four years this action was under seal, which it was able to incorporate in its recent amendment.  It is now clear that this pleading is not going to get any better. *United States ex rel. Joshi v. St. Luke's Hospital*, Inc., 441 F.3d 552 (8th Cir. 2006) (affirming denial of discovery request while motions to dismiss were pending, viewing the relator's request for discovery as a "request to relax Rule 9(b)'s pleading requirements by allowing him to plead his complaint generally at the outset and to 'fill in the blanks' following discovery").

WHEREFORE, Defendant Uniquity Financial LLC asks that the Amended Complaint be dismissed with prejudice.

Dated:  June 28, 2019

 Respectfully submitted,

*/s/ Max Maccoby*
Max Maccoby (DC Bar No. 462064)
Washington Global Law Group PLLC

1701 Pennsylvania Ave., NW #200
Washington, DC 20006
maccoby@washglobal-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed electronically via the

CM/ECF system on June 28, 2019.

*/s/ Max Maccoby*
Max Maccoby